UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10205-RGS

UNITED STATES OF AMERICA

v.

KEVENS LOUIS

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION
FOR MODIFICATION OF SENTENCE
AND COMPASSIONATE RELEASE

February 28, 2021

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is a recently enacted (December 21, 2018) exception. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP) or by a defendant who has exhausted his prescribed administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and compelling reasons" warranting such a reduction; or (2) on findings that apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and

who, as a result, are no longer deemed a danger to the safety of any person or the community.   Petitioner Kevens Louis, who is 27 years old, and who does not suffer from a terminal of self-debilitating illness, does not fit the eligibility criteria that apply to the second statutory category of inmate described in the statute.

Louis was sentenced by the court on January 7, 2020, to 27-months imprisonment, after pleading guilty to a conspiracy to commit wire fraud and to identity theft, as well as to similar charges brought in the Southern District of Florida, which were consolidated with the District of Massachusetts action for sentencing purposes.

In his motion,[1] Louis asks that his committed sentence be converted to home confinement because of the threat of infection posed by the COVID-19 virus in a prison setting.   Louis does not allege any extraordinary medical condition.   By all accounts, save for a professed unwanted weight gain, he is in excellent health.   His complaint rather is focused on the reduced access to educational programs, recreation, and religious worship posed by the COVID-19 sanitary restrictions, as well as on the potential risk of contracting

---

[1] The government does not argue that the statutory exhaustion requirement has not been met it appearing that the Bureau of Prisons denied Louis's application for compassionate release on August 16, 2020.   *See* Gov't's Opp'n (Dkt # 83) at 3 n.1.

2

an infection while living in close quarters with other inmates. While his concerns are understandable, they are not "extraordinary and compelling."

As Louis does not meet any of mandated eligibility criteria, he is not a candidate for compassionate release. Moreover, as I foresee no circumstances under which Louis could be deemed eligible at present for compassionate release, I see no reason for a hearing on the matter.

ORDER

For the foregoing reasons, the Motion for Compassionate Release is DENIED.

SO ORDERED.

/s/ Richard G Stearns
UNITED STATES DISTRICT JUDGE